# EXHIBIT 1

1

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA,       : 72CV00356(RJD)
                                :
          Plaintiff,            :
                                :
       -against-                : United States Courthouse
                                : Brooklyn, New York
KEVIN HAYNES,                   :
                                :
          Defendant.            : Thursday, December 13, 2018
                                : 3:00 p.m.
                                :
                                :
                                :
- - - - - - - - - - - - - - - X

        TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
            BEFORE THE HONORABLE RAYMOND J. DEARIE
              UNITED STATES SENIOR DISTRICT JUDGE

                      A P P E A R A N C E S:

For the Government: RICHARD P. DONOGHUE, ESQ.
                    United States Attorney
                    Eastern District of New York
                      271 Cadman Plaza East
                      Brooklyn, New York 11201
                BY: IAN RICHARDSON, ESQ.
                    Assistant United States Attorney

For the Defendant:   DEBEVOISE & PLIMPTON
                     919 Third Avenue
                     New York, New York 10022
                 BY: DAVID SARRATT, ESQ.
                     MARISA TANEY, ESQ.

Court Reporter:     SOPHIE NOLAN
                    225 Cadman Plaza East/Brooklyn, NY 11201
                    NolanEDNY@aol.com
Proceedings recorded by mechanical stenography, transcript
produced by Computer-Aided Transcription
```

SN      OCR      RPR

Proceedings                                                              2

1         THE COURTROOM DEPUTY:  We are on this afternoon for
2  a status conference.  This is *USA versus Kevin Haynes*, docket
3  number 93-CR-1043.
4         Can I ask the attorneys to please note their
5  appearance beginning with counsel for the Government.
6         MR. RICHARDSON:  Good afternoon, Your Honor.  Ian
7  Richardson for the United States.
8         THE COURT:  Good afternoon.
9         MR. SARRATT:  Good afternoon, Judge.  David Sarratt
10 of Debevoise & Plimpton for Mr. Kevin Haynes.  I'm joined by
11 Marisa Taney and by my colleague, Renee Garrick, who is not
12 yet admitted in the Eastern District of New York, but with,
13 Your Honor's permission she'll stand for this appearance.
14        THE COURT:  Well, well, it is a close call.  I am
15 happy to have you here.  Welcome back.
16        MR. SARRATT:  Thank you, Judge.  It's a pleasure to
17 be here.
18        THE COURT:  So, there is very little I can do at
19 this point but listen.
20        MR. SARRATT:  I'm happy to say a bit about why we
21 asked for the conference.  As Your Honor is aware, we've
22 written a couple of different letters to the U.S. Attorney's
23 Office and then to Your Honor laying out why we think
24 Mr. Haynes is really the picture-perfect candidate for relief
25 that is, in my view, unquestionably available to the

Proceedings                                                      3

1   Government which is that they make a motion pursuant to
2   Federal Rule of Criminal Procedure 48 asking Your Honor to
3   dismiss the third of three 924(c) counts that were stacked.
4              In response to Mr. Haynes' decision to exercise his
5   Constitutional right to go to trial, the Government, as Your
6   Honor probably recalls, had offered Mr. Haynes a plea
7   agreement that would have likely resulted in a guideline
8   sentence; the bottom range of which would carry about seven
9   and half years of imprisonment.
10             But unlike his co-defendant, Mr. Haynes elected to
11  go to trial.  His co-defendant, by the way, had been the
12  organizer of the four robberies that were the subject of the
13  case and at that time had four prior robbery convictions
14  already.  The co-defendant, Mr. Rivers, was nonetheless
15  sentenced by Your Honor to approximately ten years in prison.
16             THE COURT:  I sentenced him but I did not sentence
17  Mr. Haynes.
18             MR. SARRATT:  I believe you did sentence Mr. Haynes,
19  but you did not try the case.  It was a visiting judge who
20  tried the case.  After Mr. Haynes exercised and expressed his
21  desire to have a trial, the Government sought a superseding
22  indictment which added two additional counts under Section
23  924(c) which then made the resulting minimum sentence for the
24  Court to impose following his conviction of trial of 45 years.
25  Unfortunately, that was the sentence that the Court was bound

Proceedings                                                                 4

to impose at that time; a sentence that was obviously more than four and a half times the sentence that the government thought appropriate for the clearly more-culpable co-defendant.

And also, you know, gosh, it's hard for me to even do the math of how many times it exceeds the amount that the Government in its plea offer thought was appropriate to serve the interests of justice in the case. As it stands now, Mr. Haynes has served more than three times the sentence that would have been imposed had Mr. Haynes accepted the Government's plea offer, had he not exercised his right to trial. So we can stay here until tomorrow for me to go through the members, distinguished members, of the Criminal Justice system who have spoken up and noticed the injustice of the practice to which Mr. Haynes was subjected and that he was a victim of, but I think it bears saying again that even people who have committed serious crimes can be the subject of injustice. In my view, it is abundantly clear that that was the case here.

It's also abundantly clear that the Department of Justice in this case has clear legal authority to remedy this wrong and to prevent Mr. Haynes from spending the next 15-odd years of his life in prison serving a sentence that I think people from Jeff Sessions to more progressive legal scholars have acknowledged and that the Congress is on the cusp of

acknowledging on a forward-going basis is unjust and unfair, is excessive.

And I think, as Your Honor is aware, this is not the first time we've made this request to the Department of Justice. Although the Department of Justice in many cases before has agreed to similar requests beginning in the *Holloway* case in this district and beginning with *Loretta Lynch*, under whom our current U.S. Attorney served as the chief of the criminal division for a period of time.

So I think if you go through the cases in which the Government has agreed to this relief and which courts have been followed by re-sentencing the defendant, having dismissed one of those 924(c) cases, they have a common characteristic which is that they come after the urging of the Court. So it is our hope that in seeking the status conference today that Your Honor could take this opportunity if you are so inclined to express your own views of the case and your own views about what the just result here would be. They would certainly be welcome to us and to my client.

I think, Judge, fundamentally it is always the Department of Justice's policy and should always be the policy of the Department of Justice to live up to that name and to do justice where the law allows and I think the path of justice here is very clearly illuminated and their legal authority to do what we are asking in our motion is equally clear. And,

Proceedings                                                    6

so, you know, respectfully we would ask for the Court's encouragement for the Department of Justice to do just that in this case.

        THE COURT:  Well, first of all, I apparently did not sentence Mr. Haynes.  I'm looking at the JFC.  It is not my signature.  It looks like Judge Hillman's signature.  I know that Judge Hillman conducted the trial and signed the judgment.

        MR. SARRATT:  Then I may be mistaken about the sentencing, Judge.

        THE COURT:  It is neither here nor there, but just so the record is clear --

        MR. SARRATT:  I can see why it's material to Your Honor.  Oftentimes you are called on to do things that perhaps especially in cases like this, you impose a sentence that you don't feel is right and you don't want to have to do and so if it's one fewer times that Your Honor has to do it, I apologize.

        THE COURT:  It is not only that but I think, to be candid, if I imposed this sentence, I would remember it because it is true; we are from time to time called upon to impose sentences that we think are unjust.  I will leave it at that.  Has the criminal department written back?

        MR. RICHARDSON:  I don't know if the department has written back, Your Honor.  I know that under successive U.S.

Proceedings                                                          7

attorneys, there have been conversations with Mr. Sarratt and his counsel about motions like these.  I can't remember if it was specifically in reference to Mr. Haynes' case.

I understand Mr. Sarratt's position about that he believes there is clear legal authority to do what he is suggesting that the Government should agree to do.  Two different grounds have been asserted in various letters that have been sent to the Department of Justice by Mr. Sarratt and the lawyers at Debevoise.  The first is that a motion can be filed under Federal Rule of Civil Procedure 60(b) to permit the case to be reopened and the judgment to be vacated and that would permit, I believe, the grant of a 2255.

And then the second and more-recent justification was that we could use -- the Government could agree, pursuant to Federal Rule of Criminal Procedure 48, to dismiss the indictment or some count of the indictment.  I think there are -- there are two different problems with those.  The first is that the case law is clear that a Rule 60(b) motion is treated in the context of AEDPA as a successive petition and Mr. Haynes has already filed a petition under or a motion under 2255 that Your Honor denied, I believe, in 2004.

He currently has another -- a successive petition pending before this court that has been stayed while his motion to file that successive petition is pending before the Second Circuit.  He filed that in connection with the *Johnson*

Proceedings                                                              8

1   litigation in 2016 and that has been stayed by the Second
2   Circuit while we wait finality in the *Barrett* case.
3              THE COURT:  Finality seems like it will never come.
4              MR. RICHARDSON:  I share your pessimism, Your Honor.
5   So that is the AEDPA Rule 60(b) civil front.  And the issue
6   there being that without authorization from the Court of
7   Appeals, this court would lack jurisdiction.
8              THE COURT:  Of course.
9              MR. RICHARDSON:  So that is the reason why 60(b) is
10  not -- cannot be the basis for action here.
11             THE COURT:  I did not hear Mr. Sarratt make a Rule
12  60(b).
13             MR. RICHARDSON:  In one of the first letters that
14  Mr. Sarratt filed that was the basis.  The more recent basis
15  that Mr. Sarratt relied on is Rule 48 and he asserts that he
16  believes it is clear the Government has the ability to agree,
17  even post-conviction, to dismiss an indictment.  I don't share
18  his optimism about that authority and, candidly, Your Honor, I
19  haven't had time to do extensive research on the question but
20  the research that I have seen casts doubt on the ability of
21  the prosecution after the conviction has become final, after
22  the appeals have been exhausted, to dismiss a count of the
23  indictment of the information and that's because the rule
24  relates to the dismissal of a prosecution.  There simply is no
25  prosecution left after the defendant has been found guilty and

has exhausted his appeals. The case -- Mr. Sarratt cited a number of cases; one of which was a DC Circuit opinion and that case is curious because while the DC found that Rule 48 was a claims processing rule, that was significant because the defendant in that case who was the one objecting to the dismissal post conviction of one of the counts at issue in that case had forfeited his objection.

So, the Court of Appeals said we don't need to reach the jurisdictional issue because it wasn't implicated and then in dicta cast doubt on the ability of Rule 48 to actually allow some sort of post-conviction relief. I think there are significant jurisdictional and legal obstacles and concerns with that proposal that has been suggested here. But this case is one in which the defendant has a pending motion for successive petition that is pending before the Second Circuit. If the caselaw works out the way he wants it to, it could well result in remands and vacatur of his original sentence and remands and until we have exhausted that process, until we have gone through that process, the process that was established in statute and is familiar to this court and federal courts across the country who do this routinely, we should allow that process to play out before considering and discussing significantly more worrisome and troublesome options that have been suggested by counsel.

THE COURT: Is this the Office's position?

Proceedings                                                                10

1    MR. RICHARDSON:  Your Honor -- at this stage, Your
2    Honor, I have consulted with the management of the office on
3    this point and there are significant concerns about the legal
4    basis for this.  Those concerns have been communicated I
5    understand in connection with Rule 60(b).  I'm not sure if the
6    discussion was had with respect to the Rule 48 proposal, but
7    there are significant concerns on a legal basis for carrying
8    this out and, you know, if -- I think at that point that is
9    what I am prepared to say, Your Honor.
10   THE COURT:  So the answer to my question is no?
11   MR. RICHARDSON:  Yes.  It is the position of the
12   Office that this is not something that we should be doing,
13   particularly when there's significant questions about the
14   lawful basis to do what the defendant is asking us to do.
15   THE COURT:  So justice shouldn't it come, but we
16   will just have to wait?  What about let's cut through the
17   technicalities and I grant you your argument, particularly
18   with respect to Rule 60(b), but if there is a recognition that
19   there's a wrong here that should be corrected, and maybe I
20   state a premise that is unfounded, but I have a feeling
21   there's some sense that this sentence is woefully excessive
22   then there's got to be a way to resolve it without revising
23   the wherefores of 60(b) or Rule 48.  So if there's injustice
24   it has to be corrected.
25   MR. RICHARDSON:  There is, Your Honor, there always

1  is and it's set forth the power of the executive to grant
2  clemency and Mr. Haynes is free to make a request to the
3  executive for that clemency, but that is power that is
4  committed structurally to the President and not to the United
5  States attorneys.
6      THE COURT:  I am profoundly disappointed in your
7  reaction to this and I do not mean to cite a recent example
8  because I do not want to be accused of taking advantage of
9  what I think was an irresponsible position by the U.S.
10 Attorney in another case that I presided over and it involves
11 the tamil terrorists.  I have read it and, to be totally fair,
12 the decision, because of the nature of that case, had to be
13 made in DC, but it wasn't going to be made favorable to these
14 defendants without the support of the United States Attorney
15 for the Eastern District.  It is the general sense that what
16 happened should not have happened and to your office's great
17 credit, it was resolved.  And it was, as I often said, one of
18 the very few cases that kept me awake at night.  That is why I
19 knew for a fact that I did not sentence this chap.
20     So that is it?  That is your position?  Well, that
21 is astounding to me.  This is just -- this is a problem that
22 has to be corrected.
23     Have you made a formal motion yet?
24     MR. SARRATT:  I guess --
25     THE COURT:  Beyond the now-pending and state

Proceedings                                                          12

application.

       MR. SARRATT:  To perhaps separate the two matters, we do not represent Mr. Haynes on the Johnson successive petition, but if I may suggest a path that perhaps would represent a way forward, we would be pleased to make in this matter a motion that Your Honor grant the relief conditioned upon agreement of the Government in which it would seem to me that perhaps Your Honor could assess, perhaps to the Government's satisfaction, the legal question that Mr. Richardson has raised about whether Rule 48 allows the kind of relief that we are seeking.  I think it's a question that if the procedural posture of the *Smith* case in the DC Circuit was overly elaborate or offered a distinction that escapes me, the *Rice versus Rivera* case in the Fourth Circuit I think addressed very nearly this precise situation head on.

       In that case the Court stated very clearly that although the federal courts have rarely been asked to confront the issue, we are constrained to agree that some measure of jurisdiction over a criminal prosecution remains with a sentencing court even after conviction and appeal.  And in that case the Court, despite a final conviction, granted the Government's motion to dismiss a count in the indictment and on that basis resentence the defendant.

       So I would be happy to make such a motion before Your Honor if Your Honor would be willing to rule on that

question and address the question about legalities as to which Mr. Richardson has question. A Court in this district has already spoken to this issue in the *Holloway* case. And it was one in which the attorney in that case did agree with the Court's encouragement. So if a motion of that nature would be of assistance, it would be my pleasure to file it.

THE COURT: Well if there's a recognition that the sentence imposed is greater than necessary given the legitimate and recognized purposes of sentencing -- is there such a recognition?

MR. RICHARDSON: Your Honor at this stage I'm not taking a position one way or the other on the substance of the claim whether this would be -- whether a similar decision would be made now that was made back in 1993, I really -- I think it's unlikely that a similar charging decision could be made now, but it is not the position that I am in to reconsider the exercise of prosecutorial discretion made 25 years ago by Assistants and the United States Attorney at the time.

The issue that I am confronting is whether it is legal and appropriate for our office to agree to the kind of relief that the defendant has sought here and to Your Honor's point about there being a way, there is -- there is clemency. Our Constitution provides for it and the defendant, as far as I know, has not made a request for that kind of relief.

Proceedings                                                14

1    MR. SARRATT:  I guess if I could add one thing in
2 response to Your Honor's prior question.  I believe there is a
3 recognition on both sides of this case that the sentence was
4 excessive and it's far more than was necessary in the case and
5 one that exceeded the boundaries of justice and based on my
6 prior conversation with Mr. Gattick (phonetic) who was
7 previously the chief of the criminal division, I believe at
8 least certain times, and at the time I spoke to him, that
9 there was recognition on both sides of this case that that was
10 a common set of facts and there was some disagreement over
11 what the appropriate procedural mechanism for remedy would be,
12 but we have not gotten an official response to the request
13 that we made pursuant to Rule 48.
14    THE COURT:  Well, make your motion Mr. Sarratt.
15    MR. SARRATT:  I will be pleased to.
16    THE COURT:  And I also want to state for record that
17 one of my law clerks is an alumna of your shop and is, as the
18 laws of random chance turn out, is assigned to this matter.
19 If either one of you would be more comfortable for me to
20 reassign it to another law clerk I will do that.
21    MR. SARRATT:  No objection from me.
22    MR. RICHARDSON:  None from the Government, Your
23 Honor.
24    THE COURT:  Thank you, gentlemen.  When might I
25 expect your application, Mr. Sarratt?

SN        OCR        RPR

```
                            Proceedings                       15
```

1     MR. SARRATT:  My only hesitation is the holiday
2  calendar.
3     THE COURT:  Come up with a date you are comfortable
4  with, Mr. Richardson.
5     Ellie, work out a briefing schedule and I will see
6  you next time.  Happy holidays.
7     (Matter adjourned.)

SN        OCR        RPR